GEIGER, DWIGHT L., Associate Judge.
This is an appeal from a final declaratory judgment of the Fifteenth Judicial Circuit which was entered after the court granted a motion for summary judgment in favor of Appellee, Florida Workers Compensation Guaranty Association, Inc. (FWCIGA). Appellants contend that the trial court erred in concluding as a matter of law that FWCIGA had no duty to either defend a tort action or indemnify Appellant Elite Protection Services, Inc. or its employees in a tort action. The parties agreed that there are no disputed issues of fact and that the trial court had only to decide the FWCIGA’s statutory obligations under an employer’s liability policy and whether FWCIGA had a duty to defend under the terms of that liability policy. For the reasons below, the judgment of the trial court is affirmed.
Elite had been insured by Associated Business & Commercial Insurance Corporation (ABC) in a policy which provided both workers’ compensation coverage and employer’s liability insurance. ABC paid Appellants Paul Bent and William Smith full workers’ compensation benefits, including medical care and lost wages payments for injuries sustained during the course of their employment with Elite. ABC was thereafter declared insolvent. Pursuant to section 631.902, Florida Statutes (1997), FWCIGA assumed covered claims for the workers’ compensation obligations of ABC, but refused to defend or indemnify the policy holder Elite in a personal injury action filed against Elite by Bent and Smith. The instant lawsuit for declaratory judgment was filed to determine whether there was a duty by FWCI-GA to defend or indemnify Elite in a personal injury action.
The trial court was eminently correct in deciding that FWCIGA’s duty is limited to assuming the workers’ compensation obligations of insolvent insurance carriers even in a situation such as this one where the contract for insurance also includes *617 coverage for tort claims. Section 631.902, Florida Statutes, provides that the purposes of FWCIGA are to “provide a mechanism for the payment of covered claims under Chapter 440 ... and provide for the prompt payment ... of workers’ compensation claims incurred by insolvent insurers.” Chapter 440 exclusively regulates workers’ compensation claims.
One portion of the order granting the summary judgment requires our additional comment. In paragraph 22 of the July 29, 2002 order granting summary judgment, the trial court stated:
The FWCIGA contends that it is not statutorily authorized to provide for the payment of non-workers’ compensation claims, such as in the case at bar, an employer’s liability policy. It stands to note at the outset, that under Florida’s statutory scheme of protecting the claimant’s of insolvent insurance companies, there exist only two statutory entities, the FWCIGA and the FIGA (Florida’s Insurance Guaranty Association). Thus, our search for the proper entity that provides coverage to the employer’s liability policy in the case at bar is at the outset limited to two choices — the FWCIGA or the FIGA.
We note this because Florida Insurance Guaranty Association was not a party to the instant suit for declaratory judgment and this opinion specifically does not adjudicate any potential obligations of FIGA.
AFFIRMED.
STEVENSON and SHAHOOD, JJ., concur.